## WILER v N. Y. C. RR Co

Ohio Appeals, 6th Dist, Lucas Co
No 2468. Decided Jan 12, 1931

H. Z. Kesler and C. E. Donnelly, Toledo, for Wiler.

Doyle & Lewis, Toledo, for RR Co.

**WILLIAMS, J.**

It is an open question as to whether or not the relation of physician and patient arises in cases where an examination is made by the physician for the purpose of furnishing information to one who has employed the physician for that purpose. An interesting discussion of the matter may be found in 21 R. C. L. 398, Section 42.

The inquiry is narrowed, however, in the instant case, by reason of the fact that the amended petition alleges that the plaintiff was examined without his consent by command of his employer and under threat of the employer that he would lose his job is the command was not obeyed, and that the injury, consisting of a rupture, was inflicted by reason of the fact that the physican making the examination used unusual and unnecessary force and unreasonable pressure with his fingers on a very tender and delicate part of the body and that that physician was employed by the defendant company and acting under its direction.

Giving the allegations of the amended petition a liberal construction, as required by the code of civil procedure, the petition avers in effect that the physician employed was the agent of the defendant company and acting under its direction and control in making the examination, and that the examination was one that was compelled by threats and was not voluntary. If the physician was the employe of the defendant company, acting under its direction, he could not be an independent contractor, and if the examination was made under threats and was involuntary, it is apparent that the relation of physician and patient did not exist.

Counsel for defendant in error rely on **Railway Co. vs. Kessler, 84 Oh. St, 74.** That case has no application to the one at bar for the reason that the relation of physician and patient arose between the attending surgeon and the injured party and no facts were averred which would show a liability to the latter on the part of the railway company.

If the amended petition showed on its face that the cause of action was one for malpractice, it would be barred in one year, under **11225 GC.** The cause of action stated therein was, however, not one for malpractice but is governed by the limitations of **11224-1 GC** and is not barred thereby.

As the amended petition stated a cause of action, the judgment of the court below will be reversed and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.

Lloyd and Richards, JJ, concur.